UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY MARTINEZ, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-cv-2328 |
| | § | |
| PRAIRIE DOG TREATS, LLC; PGT | § | |
| HOLDINGS OF TEXAS, LLC; AND | § | |
| IRA GOLDFARB, INDIVIDUALLY, | § | |
| | § | JURY DEMANDED |
| DEFENDANTS | § | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Anthony Martinez, by and through his undersigned attorney of record, and sues Defendants Prairie Dog Treats, LLC; PGT Holdings of Texas, LLC; and Ira Goldfarb ("Defendants") and in support thereof would show unto this Honorable Court as follows:

**I.    PRELIMINARY STATEMENT**

1.1    Plaintiff worked for Defendants from January 2014 through April 2014 as a bakery employee.

1.2    Plaintiff brings this lawsuit to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3    During the three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay its employees for overtime hours

worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4     Plaintiff demands a jury trial.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendant Prairie Dog Treats, LLC and Defendant PGT Holdings of Texas, LLC because these entities conduct business in Texas and have entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Anthony Martinez is an individual residing in Dallas County, Texas.

**B.     Defendants**

3.2     Defendant Prairie Dog Treats, LLC is a foreign limited liability company formed and existing under the laws of the State of Colorado and maintains and operates offices in

Grand Prairie, Texas. Defendant can be served with process by serving its registered agent for service of process, Jari Mckinney at 907 Avenue R, Grand Prairie, TX 75050.

3.3     Defendant PGT Holdings of Texas, LLC is a foreign limited liability company formed and existing under the laws of the State of Pennsylvania and maintains and operates its principal office in Grand Prairie, Texas. Defendant can be served with process by serving its registered agent for service of process, Ira Goldfarb at 907 Avenue R, Grand Prairie, TX 75050.

3.4     Defendant Ira Goldfarb is an individual who at all times relevant to this claim acted directly or indirectly in the interest of Defendant Prairie Dog Treats, LLC and PGT Holdings of Texas, LLC in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant Ira Goldfarb was a joint employer of the Plaintiff as defined by 29 U.S.C. §203(d). Defendant Ira Goldfarb may be served with process at 907 Avenue R, Grand Prairie, TX 75050.

## IV.     FLSA COVERAGE

4.1     For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2     At all relevant times, upon information and belief, Defendants had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendants have employed, and continue to employ, "employees", including Plaintiff, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all times pertinent to this Complaint, Defendants Prairie Dog Treats, LLC and PGT Holdings of Texas, LLC employed two or more persons in interstate commerce.

4.6     At all relevant times, each Defendant has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff was individually engaged in interstate commerce or in the production of goods for commerce while performing his job duties for Defendants.

4.8     At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendants produce pet treats and chew toys for dogs.

5.2     Defendants employed Plaintiff during the three-year period preceding the filing of this Complaint. Specifically, Plaintiff was employed from January 2014 through April 2014.

5.3     Defendants maintained control, oversight, and direction over its operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff during his employment with Defendants.

5.5     Plaintiff was required to comply with Defendants' policies and procedures in performing Plaintiff's work during Plaintiff's employment with Defendants.

5.6     As a part of its operations, Defendants employed Plaintiff as a bakery employee.

5.7     Plaintiff was a non-exempt employee under the FLSA.

5.8     Plaintiff normally worked in excess of forty hours per week.

5.9     Although Plaintiff worked more than forty hours per week, Plaintiff has not been compensated for overtime hours at one and one-half times Plaintiff's regular rate of pay.

5.10    No exemption excuses Defendants from paying Plaintiff overtime rates for hours worked over forty.

5.11    As a non-exempt employee, Plaintiff was entitled under the FLSA to be paid time-and-a-half for all hours worked in excess of forty (40) in a workweek.  Accordingly, Defendants' practice of failing to pay overtime compensation violates the FLSA.

5.12    Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff is entitled to liquidated damages for such conduct.

5.13    Defendants failed to comply with the FLSA in that Plaintiff performed work for Defendants for which no provisions were made by Defendants to pay Plaintiff overtime compensation for hours worked in excess of forty hours per workweek.

5.14    Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

### VI.    CAUSE OF ACTION:  VIOLATION OF THE FLSA
#### Failure to Pay Overtime Wages

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2     Plaintiff is a non-exempt employee.

6.3     Plaintiff is entitled to overtime pay for all hours worked in excess of forty each workweek.

6.4     Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff overtime compensation at a rate of one and one-half times the appropriate regular rate.

6.5     Over the course of the relevant period, Plaintiff routinely worked in excess of forty hours per week. Even though Plaintiff worked in excess of forty hours per week, Defendants have failed to pay Plaintiff overtime pay for those hours worked in excess of forty per week.

6.6     In further violation of the FLSA, upon information and belief, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

6.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty in a workweek.

6.8     Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Anthony Martinez respectfully prays that Defendants Prairie Dog Treats, LLC; PGT Holdings of Texas, LLC; and Ira Goldfarb, Individually, be cited to appear, and that, upon trial of this matter, Plaintiff recover the following against Defendants:

   a.   Actual damages for the full amount of Plaintiff's unpaid overtime compensation;

    b.    Liquidated damages in an amount equal to Plaintiff's unpaid overtime compensation;

    c.    Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

    d.    Pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

**Scotty Jones**
State Bar No. 00796848
DUNHAM & JONES, P.C.
1110 E. Weatherford Street
Fort Worth, TX 76102
Tel: (817) 339-1185
Fax: (817) 810-0050
E-mail: sjones@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF